UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARCO MORFIN ALVAREZ,<br><br>Petitioner,<br><br>v.<br><br><br><br>WARDEN IAN HEALY,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 4:25CV2365<br><br>JUDGE JOHN R. ADAMS<br><br><br><br>MEMORANDUM OF OPINION AND ORDER |

Petitioner Marco Alvarez has filed a petition pursuant to 28 U.S.C. § 2241 raising two distinct arguments. Doc. 1. The Government has responded in opposition to the petition. Doc. 12. The Court now resolves Alvarez's contentions.

Alvarez asserts that the Bureau of Prisons will not consider him for placement in home confident or a residential reentry center because he has an immigration detainer. Alvarez contends that this categorical denial by the BOP runs afoul of the Second Chance Act's requirement that the BOP conduct an individualized assessment to determine eligibility for such placement.

A federal prisoner, however, is not automatically entitled to, or guaranteed, such placement for any minimum amount of time. *See Demis v. Sniezek*, 558 F.3d 508, 513-514 (6th Cir. 2009);

*Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *2 (6th Cir. Dec. 29, 2009) ("the Second Chance Act does not guarantee a one-year RRC placement, but only directs the BOP to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence"); *Frierson v. Rardin*, No. 24-12456, 2025 WL 410072, at *5 (E.D. Mich. Feb. 5, 2025) (Edmunds, J.); *Cucu v. Terris*, No. 17-13646, 2018 WL 1203495, at *4 (E.D. Mich. Mar. 8, 2018) (Cox, J.); *Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2016). Rather, the decision to place an inmate in pre-release community confinement or home confinement is discretionary and is determined on an individual basis according to the factors in 18 U.S.C. § 3621(b).

This Court lacks the authority to order Alvarez's placement in an RRC or home confinement under the SCA. Under 18 U.S.C. § 3621(b), the BOP—not the judiciary—"is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). The BOP's "designation of a place of imprisonment ... is not reviewable by any court." 18 U.S.C. § 3621(b). And Alvarez has "no statutory or constitutionally protected right, or entitlement, to transfer to ... home confinement." *Heard*, 184 F. Supp. 3d at 521; *see also Antoine v. Rardin*, No. 24-12462, 2025 WL 968285, at *3 (E.D. Mich. Mar. 31, 2025) (White, J.) (citing cases); *Frierson*, 2025 WL 410072, at *5. Accordingly, this Court cannot find that the BOP's actions violated the Second Chance Act.

Alvarez also contends that the BOP improperly calculated his First Step Act credits. The Court finds this argument moot. Alvarez has accrued the maximum of 365 days toward his early transfer to supervised release. While 28 C.F.R. §523.449(c) would allow additional credits to accrue towards Alvarez's early transfer to pre-release custody, the BOP, as noted above, has already found that Alvarez is not eligible for such pre-release custody. As this Court cannot

review that determination, it follows that there exists no ongoing case or controversy with respect to Alvarez's First Step Act credits because this Court cannot order any relief that would impact Alvarez's sentencing computation in any manner.

*Conclusion*

Based on the foregoing, Alvarez's petition is DENIED, and this matter is DISMISSED pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date: September 30, 2026

*/s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE